E-FILED
Wednesday, 05 December, 2012  02:42:32 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID A. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3051 |
| | ) | |
| ALEX DAWSON, Warden, | ) | |
| Logan Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Summary judgment allowed.

Petition denied.

Certificate of appealability declined.

Case closed.

### I.

### A.

Late on the evening of April 15, 2007, in Aurora, Illinois, Petitioner David A. Williams shot a man in the legs and testicles with a nine-millimeter pistol.  The authorities were notified of the shooting, and

1

officers of the Aurora Police Department responded to the "shots fired" call.

At 10:27 p.m., one of the responding officers saw a vehicle driving slowly away from the area of the shooting with its lights off.  He pulled the vehicle over, and noticed the following: the gray vehicle was driven by a black male (the Petitioner), the front seat passenger was a female, and there was a male passenger in the backseat.  The officer quickly released the vehicle to continue on to the "shots fired" call.

Shortly thereafter, the officer heard on his radio that the suspect vehicle was silver, with a black male driver and a female passenger.  The officer realized that the description matched the vehicle he had just stopped.  He looked in his rear-view mirror, and saw the vehicle driving away at a high rate of speed, again, with its lights off.  The officer made a U-turn, and lost visual contact.

He was able to find the vehicle again, and he initiated a second traffic stop.  Five other officers arrived at the scene, and the occupants were held at gunpoint, ordered to exit the vehicle, and arrested.

After the Petitioner was placed in custody, the officers searched the vehicle.  An officer found a pistol on the floorboard between the driver and passenger seats.

The Petitioner was transported to the police station for questioning, where he gave a videotaped confession.  He was charged with a number of offenses in the Circuit Court of Kane County, Illinois.

On June 19, 2008, the Petitioner filed a motion to suppress, challenging his arrest and the search of the vehicle.  A hearing on the suppression motion was scheduled for September 25, 2008.

On that date, the Petitioner pled guilty in the Circuit Court of Kane County to aggravated battery with a firearm.  The prosecutor nolle prossed the attempted murder charge.  At the same hearing, the Petitioner was sentenced to an 8-year term of imprisonment.

The Petitioner was given his appeal rights by the trial judge at the time of sentencing.  Following the sentencing, the Petitioner filed a motion to reduce sentence, which was denied on December 11, 2008.

The Petitioner never appealed his conviction or sentence.

The Petitioner signed and mailed a state post-conviction petition on January 23, 2009. It appears that the document may have been erroneously sent first to the Appellate Court of Illinois, Second District, and was then sent on to the Circuit Court of Kane County. *See* State Post-Conviction Petition [d/e 3], page 6 (crossed-out Second District file stamp at the top of petition). It was filed in the Circuit Court of Kane County on February 23, 2009.[1]

The Circuit Court of Kane County denied the post-conviction petition on April 27, 2009. The Petitioner did not appeal this final order.

The Petitioner filed a motion for reconsideration on June 8, 2009. In denying the motion on June 18, 2009, the Circuit Court noted that the motion was untimely and that the court lacked jurisdiction to consider it.

---

[1] In this situation, and in others, the Respondent has recommended giving the Petitioner the benefit of the doubt on dates. The Court adopts the more lenient dates espoused by the Respondent.

On July 28, 2010, the Petitioner filed a motion for leave to file an original state habeas corpus petition in the Supreme Court of Illinois. The motion for leave to file was denied on September 17, 2010.

B.

The Petitioner executed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [d/e 1] on February 8, 2011, and it was received by the Clerk of Court on February 22, 2011.  The Petitioner raised the following grounds in his Petition: illegal search and seizure; "Due Process (state habeas corpus)"; "Due Process & Equal Protection"; and ineffective assistance of counsel.

The Petitioner supplemented his Petition [d/e 1] with a Brief [d/e 2] which discussed the same issues listed above, as well as the following claims: that he had no attorney for a period of 52 days; that the trial judge failed to advise him of his appellate rights under Illinois Supreme Court Rule 604(d); and that he was deprived of his rights to a preliminary hearing and a speedy trial.

The § 2254 form the Petitioner used states the following, "TIMELINESS OF PETITION: If your judgment of conviction became

5

final over one year ago, you must explain why the one-year statute of

limitations as contained in 28 U.S.C. § 2244(d) does not bar your

petition."  The Petitioner responded as follows:

> During the first year from sentencing I filed petitions in
> state trial court such as, motion for reduction of sentence, and
> post-conviction.  I didn't know what to do after that because I
> don't have much knowledge of the law, I only have a 7th grade
> education and it has been very hard on me to make it this far.

Petition [d/e 1], page 12.

The Respondent filed the Motion for Summary Judgment [d/e 7-1]

on April 21, 2011, arguing that the Petition [d/e 1] is time-barred, and

that equitable tolling does not apply.

The Petitioner filed a Response [d/e 8] on May 19, 2011.  He

argued that he should be able to seek a sentence reduction, that the

limitations period was tolled, and that if this Court denies relief it should

at least issue a certificate of appealability.

On July 14, 2011, the Petitioner filed a Motion to Amend Petition

[d/e 11].  In that Motion, the Petitioner expressed remorse for

committing the shooting and apologized to the victim and the victim's

family.  The Petitioner then discussed the December 2008 hearing in the

Circuit Court of Kane County related to the motion to reduce sentence. The Petitioner also argued that the sentence imposed was unduly harsh considering his age and criminal record. The Court has considered the arguments made in the Motion to Amend Petition [d/e 11]. *See* Text Order of March 22, 2012.

The Respondent filed a Reply [d/e 12] on August 5, 2011.

II.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Rules Governing Section 2254 Cases.

"Summary judgment is appropriate when the evidence submitted, viewed in the light most favorable to the non-moving party, shows 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (quoting Fed. R. Civ. P. 56(c) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

In order to survive summary judgment, there must be sufficient evidence that a reasonable factfinder could return a verdict for the

nonmoving party. *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009).

"[A] motion for summary judgment requires the responding party to come forward with the evidence that it has—it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (quotation marks omitted). Although inferences are drawn in favor of the nonmoving party, inferences relying on speculation or conjecture are insufficient. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).

### III.

### A.

AEDPA provides, in part:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court notes that the Petitioner has not alleged that § 2244(d)(1)(B), (C), or (D) apply in this case. Therefore, the Court will look to § 2244(d)(1)(A).

The Petitioner's conviction became final 30 days after the trial court denied his motion to reduce the sentence, because he did not seek appellate review in the Appellate Court of Illinois. *See* Ill. Sup. Ct. R. 604(d). The motion to reduce was denied on December 11, 2008, so January 10, 2009 is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### B.

AEDPA contains a tolling provision that protects petitioners as they seek review in state post-conviction proceedings. "The time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

To determine when the state post-conviction proceeding was pending, the Court looks to state law.  *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

The Court will use the date the Petitioner signed the post-conviction petition—January 23, 2009—as the date the proceedings were initiated, instead of the date the filing was received by the Circuit Clerk of Kane County—February 23, 2009.  *See People v. Saunders*, 261 Ill. App. 3d 700, 702-03 (2d Dist. 1994) (mailbox rule recognized in Illinois state courts).

Although the time that the state post-conviction petition is pending is tolled, the time to prepare the petition is not tolled.  Therefore, the period between January 10, 2009 and January 23, 2009 is not tolled.

The post-conviction proceedings ended on May 27, 2009, 30 days after the post-conviction petition was denied and time for appeal expired. *See* 725 ILCS 5/122-7; Ill. Sup. Ct. R. 651(b).

The pendency of Petitioner's untimely motion to reconsider does not result in the tolling of any time.

Accordingly, the period between January 23, 2009 and May 27, 2009 is tolled due to the pendency of the Petitioner's state post-conviction petition.  28 U.S.C. § 2244(d)(2).

The Petitioner's filing of a motion for leave to file an original habeas corpus action before the Supreme Court of Illinois does not result in the tolling of any time.  Section 2244(d)(2) relates to "properly filed" state post-conviction applications.  The period is tolled only if the court gave authorization to file the action, which did not happen in this case. *See* Ill. Sup. Ct. R. 381(a); *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (per curiam) ("we have clearly held that where state law requires pre-filing authorization . . . simply taking steps to fulfill this requirement does not toll the statute of limitations. . . . Instead [the

filing] tolls the limitations period only if the state court grants permission
to file it.").

## C.

The Petition [d/e 1] is untimely.  Thirteen days ran between the
expiration of time to seek direct review and the filing of the state post-
conviction petition.  In addition, over a year and a half elapsed between
the conclusion of Petioner's state post-conviction proceedings in May
2009 and the filing of the Section 2254 Petition [d/e 1] in this Court in
February 2011.

Thus, the Petition [d/e 1] was filed after the one-year limitation
period had expired.

## IV.

The only way that the Petition could go forward is if the Petitioner
could establish that he is entitled to equitable tolling.  Courts may apply
the doctrine of equitable tolling to excuse the untimely filing of a habeas
corpus petition.  *See Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010).
This is a daunting task, because equitable tolling is considered to be an

extraordinary form of relief, and it is rarely granted.  *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

"In deciding that the AEDPA limitations period should be equitably tolled, the district court must determine that the petitioner has pursued his rights diligently and extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Supreme Court has stated that the doctrine of equitable tolling is to be applied on a case-by-case basis, and that instead of focusing on mechanical rules, the analysis should be flexible.  *Holland*, 560 U.S. at 2563.  The Supreme Court noted that this flexible approach allows courts to tackle new situations and provide relief to particular injustices. *Id.* (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944)).

The Petitioner has argued that his limited educational background and lack of knowledge of legal proceedings were the root causes of his untimely filing.  These are not adequate bases for granting equitable

13

tolling).  *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)

("the lack of legal experience is not a basis for invoking equitable

tolling"); *Martinez v. Ryan,* 133 Fed. App'x 382 (9th Cir. 2005) (holding

that limited education does not constitute extraordinary circumstances

for the purposes of equitable tolling).

In addition, the Petitioner is apparently concerned that the Court

has not held an evidentiary hearing to determine whether equitable

tolling should apply.  *See* Response [d/e 8], page 1.

The Petitioner bears the burden of establishing that equitable

tolling applies in a given case, and the Court concludes that an

evidentiary hearing is not needed to determine whether the doctrine

applies in this case.

After carefully considering the Petitioner's request for equitable

tolling, the Court concludes that he is not eligible for relief.  The

Petitioner has failed to persuade the Court that the issues raised

constitute "extraordinary circumstances."  Furthermore, it does not

appear that the Petitioner was diligent in pursuing his rights, even

considering his sparse knowledge of the law and limited education.

V.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing Section 2254 Proceedings.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "An applicant has made a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Arredondo v. Huibregste*, 542 F.3d 1155, 1165 (7th Cir. 2000) (quotation marks omitted).

The Supreme Court has given the following guidance regarding certificates of appealability when petitions are denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of availability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

15

debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court went on to note that when a district court disposes of a case because of a plain procedural bar, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Reasonable jurists would not dispute that the Petition is time-barred, or that the Petitioner does not qualify for equitable tolling. In addition, reasonable jurists would not find it debatable whether the Petitioner has stated a valid claim for the denial of a constitutional right.

Accordingly, the Court will not issue a certificate of appealability. If the Petitioner wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

## VI.

*Ergo*, the Respondent's Motion for Summary Judgment [d/e 7-1] is ALLOWED.

The Petition [d/e 1] is DENIED as time-barred.

The Court declines to issue a certificate of appealability.

The Clerk is directed to prepare a written judgment and close this case.

IT IS SO ORDERED.

ENTER: December 4, 2012

FOR THE COURT:                    */s/ Richard Mills*
                            _____
                                  Richard Mills
                            United States District Judge